# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TAYLOR, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br><br>WADDELL & REED INC., et al.,<br><br>  Defendants. | CASE NO. 09CV2909 DMS (WVG)<br><br>**ORDER GRANTING SPECIALLY APPEARING WADDELL & REED FINANCIAL, INC.'S AND WADDELL & REED FINANCIAL SERVICES, INC.'S MOTIONS TO DISMISS**<br><br>[Docs. 24, 29.] |

Pending before the Court are Specially Appearing Defendants Waddell & Reed Financial, Inc. ("Financial") and Waddell & Reed Financial Services, Inc.'s ("Financial Services"), motions to dismiss Plaintiffs' First Amended Complaint ("FAC") for lack of personal and subject matter jurisdiction. The matters came on for hearing on July 23, 2010. Michael Grace, Graham Hollis, Diane Richard, and Thomas Rutledge appeared on behalf of Plaintiffs. Orrin Harrison, Raymond Bertrand, and Gregory Knopp appeared on behalf of Defendants. For the reasons set forth below, Defendants' motions are granted.

/ / /

/ / /

/ / /

# I.

# BACKGROUND

This matter is a proposed wage and hour class action brought by former Waddell & Reed ("W&R") financial advisors ("Advisors").[1] (FAC ¶ 1.) Plaintiffs allege they were classified as independent contractors, when, in fact, they were employees. (FAC ¶¶ 3, 5.)

W&R is in the business of selling financial products, which are distributed through a sales force of Advisors. (FAC ¶ 2.) When Advisors begin working for W&R, they are required to sign a "Professional Career Agreement" ("PCA"). (FAC ¶ 37.) This agreement provides the basic terms governing the association between Plaintiffs and Waddell & Reed Inc. ("W&R Inc.") and Waddell & Reed Affiliates ("W&R Affiliates"). (*Id.*; FAC Ex. A.) W&R Inc. is a wholly owned subsidiary of Financial Services, which, in turn, is a wholly owned subsidiary of Financial. (Defs'. Notice of Party with Financial Interest, Doc. 5.) Financial is a holding company incorporated in Delaware, and has its principal place of business in Kansas. (Bloss Decl. to Financial Mot. Dismiss ¶ 5, Doc. 24-2.) Financial Services is a holding company incorporated in Missouri, with its principal place of business in Kansas. (Bloss Decl. to Financial Services Mot. Dismiss ¶ 5, Doc. 29-2.)

Financial filed its motion to dismiss April 30, 2010. (Doc. 24.) Financial Services filed its motion to dismiss on June 1, 2010, following a telephonic conference with the Court. (Doc. 29.) Plaintiffs filed oppositions and Defendants filed a reply. (Docs. 31-32, 41.)[2]

# II.

# DISCUSSION

**A. Personal Jurisdiction**

On a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden to demonstrate the court has personal jurisdiction over the defendant. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). In the absence of an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Pebble*

---

[1] Plaintiffs use "Advisors" to refer to persons holding positions such as "Advisor," "Financial Sales," "Senior Financial Advisor," "Representative" and "Financial Advisor." (FAC ¶ 1.)

[2] Additional background is set forth in this Court's order on W&R Inc.'s motion to dismiss.

1  *Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).).  Any uncontroverted allegations in the
2  plaintiff's complaint are taken as true, and any factual conflicts are resolved in the plaintiff's favor.
3  *Id.*  However, "[t]he mere allegations of a complaint, when contradicted by affidavits, are not enough
4  to confer personal jurisdiction over a non-resident defendant.  *Chem Lab Products, Inc. v. Stepanek*,
5  554 F.2d 371, 372 (9th Cir. 1977).

6        Personal jurisdiction can be established over a defendant "who could be subjected to the
7  jurisdiction of a court of general jurisdiction in the state in which the district court is located."  Fed.
8  R. Civ. P. 4(k)(1)(A).  Because the California jurisdictional "long-arm" statute permits the exercise
9  of jurisdiction to the full extent permitted by the United States Constitution, the state and federal limits
10 are co-extensive.  *See* Cal. Civ. Proc. Code § 410.10.  Thus, the singular issue is whether the Court's
11 exercise of jurisdiction violates our Constitutional principles of due process.  *Haisten v. Grass Valley*
12 *Med. Reimb. Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986).

13       *1. General Jurisdiction*

14       General jurisdiction exists if the defendant has engaged "in 'continuous and systematic general
15 business contacts,' that 'approximate physical presence' in the forum state."  *Schwarzenegger v. Fred*
16 *Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citations omitted).  "This is an exacting standard,
17 as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in
18 the forum state to answer for any of its activities anywhere in the world."  *Id.*

19       When the jurisdictional inquiry involves a parent-subsidiary relationship, the Court must
20 conduct the fairness inquiry with due respect to the corporate formalities involved.  Those formalities
21 generally forbid attribution of a subsidiary's contacts with the forum state to the parent company
22 solely on the basis of the parent-subsidiary relationship.  *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th
23 Cir. 2001) (citing *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985)).
24 A subsidiary's contacts with the forum will only be attributed to the parent if there is an alter ego or
25 agency relationship.  *Id.* at 926.

26       Defendants contend that Financial and Financial Services have insufficient contacts with
27 California for this Court to exercise personal jurisdiction.  Both companies are incorporated outside
28

California and have Kansas for their principal places of business. (Bloss Decls. ¶ 5.)[3] Neither company has offices, employees, telephone listings or mailing addresses in California. (*Id.* at ¶ 6.) Neither company has bank accounts or other tangible personal property in California, and they do not have agents for service of process in California. (*Id.* at ¶¶ 8-9.) Further, Financial and Financial Services have maintained corporate formalities and kept separate books, records, and Boards of Directors from W&R Inc. (*Id.* at ¶ 10.)

Plaintiffs do not put forth any evidence to contradict Defendants' contentions that Financial and Financial Services do not have contacts with California. Rather, Plaintiffs contend that W&R Inc. is the agent of Financial and Financial Services. "The agency test is satisfied by a showing that the subsidiary functions as the parent corporation's representative in that it performs services that are 'sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.'" *Doe*, 248 F.3d at 928 (quoting *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994)). "At an irreducible minimum, the general agency test requires that the agent perform some service or engage in some meaningful activity in the forum state on behalf of its principal such that its 'presence substitutes for presence of the principal.'" *Id.* at 930 (quoting *Gallagher v. Mazda Motor of America, Inc.*, 781 F.Supp. 1079, 1084 (E.D. Pa. 1992)).

Plaintiffs argue the test is met here because Financial's 10-K indicates it derives its revenues from its subsidiaries, including W&R Inc., and that W&R Inc. clearly performs a function that W&R Financial would otherwise do itself. However, when the parent is a holding company, "the parent could simply hold another type of subsidiary, in which case imputing the subsidiaries' jurisdictional contacts to the parent would be improper." *Doe*, 248 F.3d at 929. This matter is analogous to *Ferrigno v. Philips Electronics North America Corp.*, 2010 WL 2219975 (N.D. Cal., June 1, 2010) (Whyte, J.). There, the court rejected the plaintiff's argument that it was obvious from a corporate parent's annual report that the parent would engage in the same activities as the subsidiary in order

---

[3] Bloss filed separate declarations for Financial and Financial Services, however, the paragraph numbering is the same. Thus, "Bloss Decls." refers to both declarations. Plaintiffs' objections to Bloss Decls. paragraphs 5-10 are overruled. The remainder of Plaintiffs' objections are denied as moot.

1  to earn revenue. *Id.* at *4. The court, following *Doe*, noted that in the absence of the subsidiary, the
2  parent would simply invest in another subsidiary. *Id.* Likewise, here, Financial is a holding company
3  that could use another subsidiary to carry out W&R Inc.'s functions if W&R Inc. did not exist.
4  Plaintiffs have not shown that the corporate formalities between Financial, Financial Services and
5  W&R Inc. should be disregarded.  Thus, W&R Inc. is not Financial or Financial Services' agent for
6  purposes of establishing general jurisdiction.

7  Defendants further contend that Financial and Financial Services are subject to general
8  jurisdiction in California because they are "W&R Affiliates" under the terms of the PCA.  The PCA
9  defines "W&R Affiliates as "any company controlling, controlled by and/or under common control
10 with Waddell & Reed, Inc., with which you now or hereafter during the term of this Agreement may
11 be associated, registered, or licensed for insurance purposes, including Waddell & Reed, Inc. if
12 applicable in your state."

13 Plaintiffs argue that the phrase "any company controlling, controlled by and/or under common
14 control with Waddell & Reed, Inc." would include Financial and Financial Services.  That phrase,
15 however, is modified by the clause "with which you now or hereafter during the term of this
16 Agreement may be associated, registered or licensed for insurance purposes."  Thus, Defendants
17 correctly note that Financial and Financial Services are not W&R Affiliates because they are not
18 insurance companies with which Plaintiffs "may be associated, registered or licensed for insurance
19 purposes." This is further exemplified by the terms of the PCA itself, which, for example, states that
20 an Advisor represents W&R Inc. when he or she offers securities but represents W&R Affiliates when
21 the Advisor solicits the purchase of insurance policies. Accordingly, Financial and Financial Services
22 are not W&R Affiliates.  Plaintiffs have therefore failed to show that Financial and Financial Services
23 have systematic and continuous contacts with California such that they are subject to this Court's
24 general personal jurisdiction.

25 *2. Specific Jurisdiction*
26 There is a three-prong test to determine whether a party has sufficient minimum contacts with
27 the forum to establish specific personal jurisdiction: "(1) the defendant has performed some act or
28 consummated some transaction within the forum or otherwise purposefully availed himself of the

1  privileges of conducting activities in the forum, (2) the claim arises out of or results from the
2  defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Pebble Beach
3  Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l
4  Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).)

Here, again, Plaintiffs contend there is specific jurisdiction over Financial and Financial Services because they are W&R Affiliates under the terms of the PCA. As discussed above, this argument fails. Accordingly, Plaintiffs have failed to show that Financial and Financial Services purposefully availed themselves of the privileges of conducting business in California, or that the conduct at issue arises out of Defendants' forum-related activities. Plaintiffs, therefore, have not met their burden to establish personal jurisdiction over Financial and Financial Services. Defendants' motions to dismiss are granted.[4]

**B.     Jurisdictional Discovery**

Plaintiffs request a 90-day continuance of this motion to permit them to conduct jurisdictional discovery. District courts have discretion in determining whether to permit jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). A court abuses its discretion if there is a clear showing "that denial of discovery results in actual and substantial prejudice to the complaining litigant. Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quotations omitted). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co.*, 453 F.3d at 1160 (quotations omitted). Here, Plaintiffs have not made a sufficient proffer of alleged jurisdictional evidence to warrant discovery. Accordingly, Plaintiffs' request for a continuance is denied.

/ / /

/ / /

/ / /

---

[4] Because the 12(b)(2) motions are dispositive, the Court does not reach Defendants' 12(b)(1) arguments.

## III.

## CONCLUSION

For the reasons set forth above, Financial and Financial Services' motions to dismiss are granted. Plaintiffs' request for jurisdictional discovery is denied.

**IT IS SO ORDERED.**

DATED: August 12, 2010

_____
HON. DANA M. SABRAW
United States District Judge