UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. TAYLOR; KENNETH B. YOUNG; individuals, on behalf of themselves individually and on behalf of others similarly situated,<br><br>                Plaintiffs,<br>v.<br>WADDELL & REED, INC., a Delaware Corporation,<br><br>                Defendant. | Case No.: 09cv2909 AJB (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND DENYING AS MOOT PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION**<br><br>[Docs. 91, 92, 97] |

Presently before the Court are the following three motions:

1. Defendant's Motion for Partial Summary Judgment as to Plaintiff Michael Taylor (Doc. 91),

2. Defendant's Motion for Partial Summary Judgment as to Plaintiff Kenneth Young (Doc. 92), and

3. Plaintiffs' Motion for Conditional Collective Action Certification, *Hoffmann-La Roche* Notice, and Equitable Tolling (Doc. 97).

For the reasons set forth below, the Court **GRANTS** both of Defendant's motions for partial summary judgment and consequently **DENIES AS MOOT** Plaintiffs' motion for conditional class certification.

**I.**

**BACKGROUND**

This matter is a proposed wage and hour collective action brought by former Waddell & Reed ("W&R") financial advisors ("Advisors"). (FAC ¶ 1.) Named Plaintiffs Kenneth B. Young and Michael

E. Taylor seek to represent a class of Advisors who allege they were classified as independent contractors, when, in fact, they were employees. (*Id.* at ¶¶ 3, 5.)

W&R is in the business of selling financial products, which are distributed through a sales force of Advisors. (*Id.* at ¶ 2.) When Advisors begin working for W&R, they are required to sign a "Professional Career Agreement" ("PCA"). (*Id.* at ¶ 37.) This agreement provides the basic terms governing the association with W&R Inc. and Waddell & Reed Affiliates ("W&R Affiliates"). (*Id.*) Advisors were classified as independent contractors and were paid on a commission only basis. (*Id.* at ¶ 34, 114.) Advisors did not receive a salary or hourly wage and were not paid overtime. (*Id.* at ¶¶ 114, 117-118.) With regard to the independent contractor relationship, the PCA specifically states, "Subject to the responsibilities and limitations stated in this Agreement, ***you shall be free to use W&R office facilities and to exercise your own judgment as to the persons whom you solicit and the time, place, and manner of solicitation***." (*See* John T. Mullan Decl., Exhibit 5 (emphasis added).)

According to Plaintiffs, Advisors should have been classified as employees because, among other things, Advisors could sell only under the name of W&R and could only sell securities authorized by W&R. (*Id.* at ¶¶ 40-41.) Advisors were assigned clients by W&R and had to surrender all client files, client lists and client data to W&R upon termination of the working relationship. (*Id.* at ¶ 49.) Advisors were required to work a specified number of hours and generally adhere to a schedule proposed by W&R. (*Id.* at ¶ 57.) Advisors were encouraged to work at W&R's offices and had to explain any activities conducted outside the office. (*Id.* at ¶¶ 60-61.) Advisors were required to attend meetings or face disciplinary action, and were subject to periodic performance reviews by Defendants. (*Id.* at ¶¶ 68-69.)

Plaintiffs filed suit on December 28, 2009, alleging nine claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207; the California Labor Code; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.* On April 28, 2010, Plaintiffs filed the FAC. Defendant filed the instant motions for partial summary judgment on April 22, 2011.[1]

---

[1] In their oppositions to the motions for partial summary judgment, Plaintiffs request that the Court take judicial notice of a number of filed documents pertaining to *Lint v. Northwestern Mutual Life Insurance Company*, Case No. 09-C-1373 DMS (RBB) (S.D. Cal. 2010). (Docs. 120, 126.) The Court finds that these documents are judicially noticeable under Fed. R. Evid. 201(b) and grants

Plaintiffs filed the instant motion for conditional class certification on April 27, 2011. The Court held a hearing on the motions on December 15, 2011.

## II.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).

In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the nonmoving party will bear the burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the nonmoving party would bear the burden of proof at trial, the moving party may satisfy its burden on summary judgment by simply pointing out to the Court an absence of evidence from the nonmoving party. *Miller*, 454 F.3d at 987. "The moving party need not disprove the other party's case." *Id.*

Once the movant has made that showing, the burden shifts to the opposing party to produce "evidence that is significantly probative or more than 'merely colorable' that a genuine issue of material fact exists for trial." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) (citing *FTC v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001)); *see also Miller*, 454 F.3d at 988 ("[T]he nonmoving party must come forward with more than 'the mere existence of a scintilla of evidence.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court must review the record as a whole and draw all reasonable inferences in favor of the nonmoving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 736, 738 (9th Cir. 2000). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *Id.*; *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). "Thus, '[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

---

Plaintiffs' request.

issue for trial.'" *Miller*, 454 F.3d at 988 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III.
### DISCUSSION

Defendant's motions for partial summary judgment address only the FLSA causes of action alleged by Plaintiffs Taylor and Young. Although Defendant submitted separate motions for Plaintiff Taylor and for Plaintiff Young, the Court addresses the two motions together due to their factual and legal similarities.

**A.     Defendant's Motions for Partial Summary Judgment**

Defendant's position is that as independent contractors (not employees), Taylor and Young do not fall within the FLSA's scope. However, Defendant argues for purposes of these partial summary judgment motions that *even if* Taylor and Young could show they were misclassified as independent contractors, their FLSA claims nonetheless fail because they fall under the FLSA's "outside salesperson" exemption. In other words, their FLSA claims will fail regardless of whether Taylor and Young are considered independent contractors or employees.[2]

The FLSA specifically exempts an outside salesperson from the statute's minimum wage and overtime requirements. *See* 29 U.S.C. § 213(a)(1) (exempting "any employee employed . . . in the capacity of outside salesman . . . ."). The Department of Labor ("DOL") regulations promulgated under the FLSA define "outside salesman" as any employee:

> (1) Whose primary duty is: (i) making sales within the meaning of section
> 3(k) of the [FLSA], or (ii) obtaining orders or contracts for services or for

---

[2] Plaintiffs contend that Defendant should be equitably estopped from asserting inconsistent positions—*i.e.*, maintaining that Taylor and Young are independent contractors, yet assuming for purposes of this motion that they are employees. However, Defendant is careful to frame its argument as a hypothetical. Moreover, under the Federal Rules of Civil Procedure, a party moving for summary judgment may accept the non-movant's allegations as true for the limited purpose of summary judgment. *See* FRCP 56(g); *see also* FRCP 8(d)(2) ("A party may set out 2 or more statements of a claim or defense *alternatively or hypothetically*."), 8(d)(3) ("A party may state as many separate claims or defenses as it has, *regardless of consistency*.") (emphasis added). Here, Defendant merely argues that even accepting as true Plaintiffs' allegations that they are employees, their FLSA claims still fail. Such an argument is permissible.

     the use of facilities for which a consideration will be paid by the client or
     customer; and

     (2) Who is customarily and regularly engaged away from the employer's
     place or places of business in performing such primary duty. 29 C.F.R. §
     541.500(a).

Importantly, the FLSA exemption includes not only the sales work itself, but also any "work performed incidental to and in conjunction with the employee's own outside sales or solicitations." 29 C.F.R. ¶ 541.500(b). The case law supports this broad interpretation of "sales." *See, e.g.*, *Wong v. HSBC Mortg. Corp. (USA)*, 749 F. Supp. 2d 1009, 1013 (N.D. Cal. 2010) (finding that making a sale "is not an activity that necessarily occurs at one time and/or in one location, but, rather, may comprise a number of component activities"); *Christopher v. Smithkline Beecham Corp., DBA GlaxoSmithKline,* 635 F.3d 383, 398, 400-01 (9th Cir. 2011) (holding that pharmaceutical sales representatives are exempt as outside salespersons, even though they did not make direct sales, take orders, or negotiate contracts—rather, their activities were "preliminary steps toward the end goal" of sales and thus constituted sales activities within the meaning of the exemption).

Here, Defendant points to substantial evidence in the record (mostly from Plaintiffs' own depositions and pleadings) demonstrating that both Taylor and Young fall under the "outside salesperson" exemption.

### 1.   *"Primary Duty"*

With regard to the first prong of the exemption, Taylor and Young admitted that their primary duty as a Financial Advisor was making sales. Even in the Complaint, they pled that their job was primarily as a salesperson. *See, e.g.*, Compl. ¶¶ 2, 45, 47, 48. Making sales was obviously paramount to their success, since their earnings were based entirely on sales commissions. Moreover, under the broad definition of "sales" discussed above, all of Taylor's and Young's incidental activities and solicitations are construed as sales under the FLSA. Therefore, Taylor's and Young's primary activities were clearly sales and sales-related. The Court finds that they have satisfied the exemption's first prong.

//
//

### *2.  "Customarily and Regularly"*

With regard to the second prong, the phrase "customarily and regularly" is not a "majority of the time" test. *See, e.g.*, *Lint v. Northwestern Mutual Life Insurance Company*, 2010 WL 4809604 at *3 (S.D. Cal. Nov. 19, 2010) (finding that spending **10-20 percent of the time** outside of the office engaged in sales activity is sufficient for the exemption). The DOL likewise confirmed that selling or sales related activity outside the office "**one or two hours a day, one or two times a week**" satisfied the test for the exemption. *See* FLSA2007-2, DOL Opinion Letter from Paul DeCamp, Administrator at 3-4 (Jan. 25, 2007) (emphasis added).

Here, Defendant shows that Taylor and Young customarily and regularly engaged in sales activity away from the W&R office. For example, Defendant points to evidence demonstrating that Taylor frequently met with existing and prospective clients away from the office—wherever it was convenient for the customer—in order to generate business and consummate sales. She testified that she was consistently outside of the office engaged in sales activity, and the available records confirm as much—showing that in some weeks, she was absent at least three or four days, and that she was frequently absent from company meetings. (*See, e.g.*, Taylor Depo. Tr. 167:6-25, 168:17-19, 219:9-25, 227:22-228:13; Bertrand Decl., ¶ 5, Exhibit C.) Taylor's accounts of her constantly being out of the office on sales meetings are confirmed by Young, who testified that Taylor was out of the office "perhaps 40, 50 percent" of the time. (Young Depo. Tr. 184:7-13, 186:7-10.) Taylor's outside sales activity therefore meets the "customarily and regularly" threshold. Finally, the Court notes that Taylor failed to preserve her calendars, which would have provided relevant evidence relating to the extent of her outside sales activity.

Similarly, Young frequently sought to develop customers to generate sales by holding seminars, meeting with business professionals, and hosting gatherings. Most of these efforts took place outside of the office—at the gym, restaurants, sporting events, community events, car dealerships, etc. (*See, e.g.*, Young Depo. Tr. 199:8-17, 201:13-18, 202:1-6, 203:3-17, 204:23-205:2, 205:24-206:9, 206:23-207:18, 209:19-22.) Young testified in his deposition that he spent "easily 30 or 40 percent" of his time in any given week on sales activity outside the office, which far surpasses the "customarily and regularly"

threshold under the FLSA exemption. (Young Depo. Tr. 215:10-15, 223:10-15.) Consequently, the Court agrees that both Taylor and Young have satisfied the second prong of the exemption.

### 3.     Plaintiffs' Arguments

In response, Plaintiffs claim the outside sales exemption does not apply because the sales were technically consummated *inside* the office (when they were approved by management). Even assuming that fact to be true, Plaintiffs misconstrue the FLSA definition of sales. As noted above, the exemption includes not only the sales work itself, but also any "work performed incidental to and in conjunction with the employee's own outside sales *or solicitations*." 29 C.F.R. ¶ 541.500(b) (emphasis added). Because Taylor and Young conducted substantial incidental work and solicitations outside of the office, it does not matter that the actual moment of sale occurred inside the office. Plaintiffs emphasize the use of "outside sales" in Section 541.500(b) and contend that there is a question of fact regarding whether W&R intended the Advisors to conduct "outside sales" versus "inside sales." However, the Court simply does not see how W&R's intent—whatever it may have been—factors into the two-pronged analysis for the FLSA exemption. Even if it did, the PCA's language quoted above indicates that W&R intended for Advisors have free rein to conduct their sales work in the manner and place of their choosing.

Plaintiffs next contend that there are genuine disputes of fact as to the extent of Taylor's and Young's outside sales. They point to Taylor's June 2, 2011 declaration in support. (Doc. 117.) However, the Court finds that this declaration contradicts Taylor's earlier deposition, in which she testified at length about her extensive outside sales activity. Unlike her deposition, her subsequent declaration indicates that nearly all of her activities were conducted inside the office, concluding that she spent only about 5 percent of her time outside the office engaged in sales activities within the meaning of the FLSA. Likewise, Plaintiffs point to Young's June 2, 2011 declaration (Doc. 123) as creating a question of fact, but for the same reasons, the Court finds that this declaration contradicts his earlier deposition. Because these subsequent declarations appear to be self-serving, they cannot create a genuine question of material fact to defeat summary judgment. *Nelson v. City of Davis*, 571 F.3d 924, 927 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

1   Finally, Plaintiffs assert that because Taylor and Young never performed outside sales activity
2   during their months-long training at W&R, the FLSA exemption does not apply to that period of time.
3   However, this argument fails because Taylor and Young did not properly plead an FLSA claim for their
4   training phases. For example, Taylor alleges in her FAC that she began working for W&R on November
5   1, 2005. She cannot now expand the scope of her FLSA claim by identifying her start of "employment"
6   as June 13, 2005, so as to include the training period. Young's argument likewise fails. By failing to so
7   allege in FAC, they waived their right to claim compensation under the FLSA for that period of time.
8   Regardless, such a claim would be time-barred. Under the FLSA, an action for overtime pay must be
9   commenced within two years, or three years if the claim arises out of "a willful violation." 29 U.S.C. §
10  255(a). Here, even if Taylor and Young could show a willful violation of the FLSA, they did not file the
11  Complaint until December 2009, more than three years after their respective 2005 training periods.

12  Having found Plaintiffs' arguments unconvincing, the Court concludes that Taylor and Young
13  satisfy both prongs of the outside salesperson exemption and that there is no genuine dispute of material
14  fact as to their exempt status. Because they are exempt, Plaintiffs' FLSA claims fail as a matter of law,
15  regardless of whether Taylor and Young are considered employees or independent contractors. The
16  Court therefore grants Defendant's motions for partial summary judgment as to both Taylor and Young.

17  **B.   Plaintiffs' Motion for Conditional Class Certification**

18  The FLSA expressly authorizes class (or "collective") actions where the employees are
19  "similarly situated." 29 U.S.C. §§ 207, 216(b). Like Defendant's motions for partial summary judgment,
20  this motion involves only the FLSA causes of action. Because the Court grants the motions for partial
21  summary judgment above, no FLSA claims survive, and the Court therefore denies as moot Plaintiffs'
22  motion for conditional class certification.

23                                           **IV.**
24                                       **CONCLUSION**

25  For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Partial Summary
26  Judgment as to Plaintiff Michael Taylor, **GRANTS** Defendant's Motion for Partial Summary Judgment
27  //
28  //

as to Plaintiff Kenneth Young, and **DENIES AS MOOT** Plaintiffs' Motion for Conditional Class Certification.

IT IS SO ORDERED.

DATED: January 3, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge