UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. TAYLOR, et al., | Civil No. 09-2909-AJB(WVG) |
| Plaintiffs, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' REQUEST TO COMPEL CONTACT INFORMATION OF PUTATIVE CLASS MEMBERS |
| v. | |
| WADDELL & REED, INC., et al., | |
| Defendants. | |

On April 11, 2012, Plaintiffs submitted a letter to the Court that requested that Defendants be compelled to produce the contact information of putative class members, Financial Advisors ("FAs"), past and present, from December 2005 to the present. On April 13, 2012, Defendants submitted to the Court a letter that opposed Plaintiffs' request. After considering the letter briefs submitted by the parties and the applicable law, and GOOD CAUSE APPEARING, Plaintiffs' request is DENIED without prejudice.

BACKGROUND

On January 21, 2011, the Court ordered Defendants to permit Plaintiffs to contact then-current FAs using Defendant's e-mail

system. Plaintiffs utilized this means to communicate with putative class members. In an e-mail to the then-current FAs, Plaintiffs' attorneys identified themselves, advised that a lawsuit was filed and invited the FAs and others (presumably former FAs that the current FAs may know) interested in the lawsuit to contact the attorneys to learn more about the case.

Plaintiffs once again have requested Defendants to identify all California FAs and to produce their contact information (name, work and home address, and work, home and cell phone numbers) who worked for Defendants from December 2005 to the present. Defendants have opposed the requests primarily on the grounds that the requests are premature and would violates the FAs' privacy rights.

DISCUSSION

The Court is not persuaded that the privacy interests of the putative class members would be violated by the disclosure of the contact information requested by Plaintiffs. Pioneer Electrics (USA), Inc. v. Superior Court, 40 Cal. 4th 360, 373 (2007), Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554, 562 (2007). However, the Court agrees with Defendants that Plaintiffs have not diligently pursued the avenues available to them to ascertain the identity of putative class members of FAs, past and present, in California.

Plaintiffs argue that Defendants have "almost exclusive access to the putative class members." The Court disagrees, at least as it pertains to the current FAs. The current FAs are readily ascertainable by simply going to Defendants' public website and typing in a zip code number. The FAs that service the area in and around the zip code immediately appear by name, address, e-mail

2

09cv2909

address and phone number. While searching for the current FAs may take some effort by Plaintiffs to work their way through the zip codes assigned in California, it is not a difficult task. Presumably, Plaintiffs already have done this by virtue of their mass e-mail notification sent in January 2011. Also, presumably, those FAs, current as well as former, if any, who are interested in joining the lawsuit have reached out to Plaintiffs' attorneys and made their intentions known. If current FAs have not contacted Plaintiffs' attorneys or done so in sufficient numbers, this may be an indication, as Defendants argue, that there simply is no merit to Plaintiffs' lawsuit.

As to former FAs, Plaintiffs are partly correct. Undoubtedly Defendants know the identity of its former FAs. Whether Defendants also have the current contact information of those former FAs is another question altogether. Regardless, Plaintiffs have access to current FAs and with a modicum of effort, which to date has not been demonstrated by Plaintiffs, can interview or depose those FAs who may be able to reveal the identity of former colleagues who Plaintiffs can then find and interview. This effort may not bear fruit and Plaintiffs may very well not be able to identify any former FAs, but they must at least try to do so. It does not appear that Plaintiffs have done so, or if they have, Plaintiffs have not so described their efforts to the Court. Until Plaintiffs have diligently tried and failed, the Court is not of the mind to order Defendants to do Plaintiffs' work. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977), Krzesniak v. Cendant Corp., 2007 WL 756905 at *1 (C.D. Cal. 2007).

Plaintiffs also argue that contacting the current FAs via their work e-mail addresses or work phone numbers at Defendants' offices is inadequate. However, Plaintiffs fail to offer even one reason why contacting current FAs in this manner is inadequate. Although Plaintiffs have failed to offer an explanation, the Court disagrees. Contacting current FAs at Defendants' offices may be the best method to obtain current FAs' personal contact information or to make arrangements for a more private discussion.

Moreover, Plaintiffs do not need to contact all FAs working for Defendants in California to establish the Rule 23 requirements of numerosity, commonality, typicality and adequacy. The Court believes, and Plaintiffs have not presented any argument to the contrary, that Plaintiffs may satisfy the Rule 23 requirements on a motion to certify the class, based upon information obtained from current FAs whose contact information is immediately and readily accessible to Plaintiffs via Defendants' website.

Plaintiffs "bear the burden of advancing a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985); Doninger, 564 F.2d at 1313. Plaintiffs simply have not met their burden or made the required showing.

The Court acknowledges that "the propriety of a class action cannot be determined in some cases without discovery." Kaminske v. JP Morgan Chase Bank N.A., 2010 WL 5782995 at *2 (C.D. Cal. 2010). Plaintiffs are not precluded from taking discovery. Current FAs with a wealth of relevant information are available and within reach of

1  Plaintiffs if only they would make the effort to obtain the
2  information they seek.
3     Plaintiffs' request that Defendants be compelled to produce
4  the contact information of putative class members, Financial
5  Advisors ("FAs"), past and present, from December 2005 to the
6  present, is DENIED without prejudice.

DATED: April 27, 2012

Hon. William V. Gallo
U.S. Magistrate Judge